UNITED STATE DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jarrod Whitfield, | ) | C/A No.:  3:07-2674-GRA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Beaufort County Council; | ) | **Defendants Beaufort County Council,** |
| Gary Kubic; | ) | **Gary Kubic, Philip A. Foot, C.E. Allen,** |
| Philip A. Foot; | ) | **P.J. Tanner, J. Garcia and Michael** |
| C. E. Allen; | ) | **M. Hatfields' Answer to Plaintiff's** |
| Joanne Deboe; | ) | **Complaint** |
| Charles A. Bush; | ) | |
| Southern Health Partners; | ) | |
| P. J. Tanner; | ) | |
| J. Garcia; | ) | |
| Michael M. Hatfield; and | ) | |
| Unnamed Deputy Sheriffs, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO:   Jarrod R. Whitfield, Plaintiff, *Pro-Se*:

NOW COME the Defendants, Beaufort County Council, Gary Kubic, Philip A. Foot, C.E. Allen, P.J. Tanner, J. Garcia and Michael M. Hatfield (the Defendants), by and through their undersigned counsel, who deny each and every allegation in the Complaint not specifically admitted.  The Defendants deny that the Plaintiff served the Complaint upon them.  Specifically preserving all defenses pursuant to Fed. R. Civ. P. 12(b)(5) and Rule 12(b)(5), SCRCP, the Defendants answer as follows:

I.   As to Paragraph IA and IB of the Complaint, the Defendants are without knowledge or information sufficient to provide an answer to the allegations therein, and therefore, the Defendants deny each and every allegation therein and demand strict proof thereof.

II.  As to Paragraph IIA and IIB of the Complaint, the Defendants are without knowledge or

    information sufficient to provide an answer to the allegations therein, and therefore, the Defendants deny each and every allegation therein and demand strict proof thereof.

III. As to Paragraph IIIA of the Complaint, the Defendants admit the allegations contained therein.

    As to Paragraph IIIB of the Complaint, the Defendants admit that the Plaintiff filed a grievance alleging that Defendants denied him medical care; Defendants deny each and every remaining allegation contained in Paragraph IIIB and demand strict proof thereof.

    Paragraph IIIC makes no allegation against the Defendants, and therefore, no answer is required; to the extent that an answer is required, the Defendants deny each and every allegation contained therein and demand strict proof thereof.

IV. Paragraph IVA makes no allegation against the Defendants, and therefore, no answer is required; to the extent that an answer is required, the Defendants deny each and every allegation contained therein and demand strict proof thereof.

    As to Paragraph IVB of the Complaint, the Defendants admit the allegations contained therein.

V. As to Paragraph V of the Complaint, the Defendants deny each and every allegation contained therein and demand strict proof thereof.

VI. As to Paragraph VI of the Complaint, the Defendants deny that the Plaintiff is entitled to the relief sought in the Complaint.

    WHEREFORE, having answered the Complaint, the Defendants pray that the Complaint will be dismissed, for costs, and for such other and further relief as the court may deem just and proper.

**AFFIRMATIVE DEFENSES**

As to each affirmative defense set forth below, the Defendants repeat and reallege all preceding paragraphs as fully and effectively as if set forth herein verbatim.

A. The Defendants plead the provisions of the South Carolina Tort Claims Act, South Carolina Code Section 15-78-10, *et seq.*, including all the immunities, limitations and defenses granted or preserved by the Act.

B. The Defendants would show that the Plaintiff has failed to state a claim upon which relief may be granted, and the Complaint should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

C. The Defendants allege that if the Plaintiff sustained any injuries or damages as set forth in his Complaint, the same were due to the willful, wanton, reckless, careless or negligent acts and conduct of the Plaintiff which combined with, concurred with and exceeded any conduct on the part of the Defendants, which is specifically and emphatically denied, to bring about the said injuries and damages, if any, as the Proximate Cause therefore and without which the same would not have occurred, and therefore, bars any recovery by the Plaintiff; but if the Defendants are equally as negligent as the Plaintiff, or more negligent than the Plaintiff, which is specifically and emphatically denied, the amount of recovery of damages, if any, must be reduced in proportion to the amount of the Plaintiff's negligence.

D. The Defendants would respectfully show that they have immunity from and against the within action by reason of the public duty rule.

E. The Defendants would show that at all times alleged in the Complaint they acted as a state entity performing discretionary functions and actions which could reasonably

have been thought consistent with the rights of the Plaintiff, which they are alleged to have violated; the Defendants acted reasonably and in good faith and did not violate any clearly established right of the Plaintiff, and therefore, are qualifiedly immune from suit.

F. The Defendants would show that at all times alleged in the Complaint, they were State officials and, therefore, may not be sued pursuant to *42 U.S.C. §1983*.

G. The Defendants would show that at all times alleged in the Complaint, they were State officials and, therefore, entitled to immunity under the Eleventh Amendment to the United States Constitution.

H. The Defendants would show that they are qualifiedly immune from suit.

I. The Defendants would show that the Plaintiff has failed to properly serve the Summons and Complaint and, therefore, the Court has no personal jurisdiction over them and the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) and Rule 12(b)(5), SCRCP, for insufficiency of service of process.

J. The Defendants allege that any acts which allegedly caused damages to the Plaintiff, all of which the Defendants deny, were caused by the Plaintiff and/or other known and unknown third parties and if any party should be held accountable it should be the Plaintiff, other known and unknown third parties wholly and exclusively, factually and legally.

K. The Defendants will show that the Plaintiff has failed to exhaust his administrative remedies, as required by 42 U.S.C. §1997e and, therefore, his claims are barred.

L. The Defendants plead the provisions of the South Carolina Frivolous Civil Proceedings Sanctions Act under South Carolina Code Section 15-36-10.

M.     The Defendant would show that as to any state law claims, punitive damages are not recoverable against a government entity and, therefore, the Defendant moves to strike any demand for punitive or exemplary damages from the Complaint.

N.     The Defendants reserve the right to timely assert any affirmative defense not currently known to the Defendants.

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendants pray that the Complaint will be dismissed, for costs and for such other and further relief as the court may deem just and proper.

Dated at Bluffton, South Carolina this 28th day of November 2007.

Respectfully submitted,

CAROLINA LITIGATION ASSOCIATES, LLC

*/s/ Marshall H. Waldron, Jr.*

MARSHALL H. WALDRON, JR.
Federal ID No.: 7887
Post Office Box 1880
Bluffton, South Carolina 29910
(843) 815-7800 Telephone
(843) 815-7801 Facsimile
ATTORNEY FOR THE DEFENDANTS

*/s/ Mark Berglind*

MARK S. BERGLIND
Federal ID No.: 9859
Post Office Box 1880
Bluffton, South Carolina 29910
(843) 815-7800 Telephone
(843) 815-7801 Facsimile
ATTORNEY FOR THE DEFENDANTS

5

**CERTIFICATE OF SERVICE**

     I, Jillinda Delahunty, paralegal to Carolina Litigation Associates, LLC, hereby certify that on this 28th day of November 2007, I served a copy of the Defendants' Answer on the Plaintiff at the address below by depositing it in the United States Mail, with the proper postage affixed thereto, in accordance with Rule 5 (b), FRCP.

        Jarrod R. Whitfield            Elliot T. Halio, Esquire
        Post Office Drawer 1228        Post Office Box 747
        Beaufort, SC 29901-1228       Charleston, SC 29402

Bluffton, South Carolina