IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JARROD WHITFIELD, | ) Civil Action No. 3:07-2674-GRA-JRM |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| BEAUFORT COUNTY COUNCIL; | ) |
| GARY KUBIC; | ) |
| PHILIP A. FOOT; | ) |
| C. E. ALLEN; | ) |
| JOANNE DEBOE; | ) |
| CHARLES A. BUSH; | ) |
| SOUTHERN HEALTH PARTNERS; | ) |
| P. J. TANNER; | ) |
| J. GARCIA; | ) |
| MICHAEL M. HATFIELD; AND | ) |
| UNNAMED DEPUTY SHERIFFS, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |
| | ) |

Plaintiff filed this action August 3, 2007. He is a pretrial detainee at the Beaufort County Detention Center ("BCDC"). On December 4, 2007, Defendants Charles A. Bush ("Bush"), Joanne Deboe ("Deboe"), and Southern Health Partners (collectively the "Southern Health Defendants") filed a motion for summary judgment. Plaintiff, because he is proceeding pro se, was advised on January 3, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his action. On January 11, 2008, Defendants C. E. Allen ("Allen"), Beaufort County Council, Philip A. Foot ("Foot"), J. Garcia ("Garcia"), Michael M. Hatfield ("Hatfield"), Gary Kubic ("Kubic"), P. J. Tanner ("Tanner"), and Unnamed Deputy Sheriffs (collectively the "Beaufort Defendants") filed a motion to dismiss. The Beaufort Defendants filed

a supplemental motion to dismiss on January 29, 2008. A second Roseboro order was issued on January 16, 2008.

Plaintiff has not filed a response to the motion for summary judgment or to the motion to dismiss. On February 6, 2008, Plaintiff filed a motion to stay the proceedings until he is released from prison.[1] On March 17, 2008, the undersigned denied Plaintiff's motion to stay and ordered that Plaintiff file any response to Defendants' motion by April 18, 2008. On April 16, 2008, Plaintiff filed a "response" to the undersigned's order, but he failed to file any materials in opposition to Defendants' motions for summary judgment and to dismiss.[2]

## DISCUSSION

Plaintiff alleges that on June 23, 2007, he was arrested without probable cause. He claims that was assaulted by Defendant Garcia and "other white deputies" while he was lying face down on the ground waiting to be handcuffed. During the incident, Plaintiff's hand was fractured. Plaintiff was taken to Hilton Head Regional Medical Center afterwards, at which time his hand was splinted and he was given a prescription for pain medication. Plaintiff claims that Defendants refused to give him his medication and failed to timely take him to a specialist to have his hand reset in a permanent cast.

The Southern Health Defendants contend that their motion for summary judgment should be granted because Plaintiff fails to show that they were deliberately indifferent to any of his serious

---

[1] The Beaufort Defendants provide that Plaintiff is awaiting trial on charges of armed robbery, grand larceny, and possession of a firearm by a felon. See Doc. 40.

[2] The undersigned has addressed Plaintiff's claims on the merits. Alternatively, it is recommended that Plaintiff's claims be dismissed pursuant to Rule 41(b), Fed. R. Civ. P., for failure to prosecute.

2

medical needs. The Beaufort Defendants contend that their motion to dismiss should be granted because: (1) Plaintiff failed to properly serve them; (2) Plaintiff failed to seek federal habeas corpus or state relief prior to filing this action;[3] (3) 42 U.S.C. § 1983 does not provide a federal forum for litigants seeking a remedy against a state or its officials; (4) they are entitled to Eleventh Amendment immunity; (5) they were not deliberately indifferent to Plaintiff's medical needs; (6) Defendants Foot, Allen, and Kubic are entitled to qualified immunity; and (7) Plaintiff fails to state a claim against Defendant Beaufort County Council.

1.      Medical Claims

Plaintiff appears to allege that Defendants were deliberately indifferent to his serious medical needs. The Southern Health Defendants contend that Plaintiff fails to show that they were deliberately indifferent to any of Plaintiff's medical needs. They state that Dr. Bush attempted to set up an earlier appointment for Plaintiff with a specialist, but it was cancelled; Dr. Bush set up another appointment with an orthopedic specialist; and x-rays taken later clearly show that Plaintiff did not suffer any irreparable harm or disfigurement. The Beaufort Defendants contend that Plaintiff fails to establish a constitutional claim because they were entitled to rely on the expertise of prison

---

[3]The Beaufort Defendants appear to argue that Plaintiff's claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994). Heck, however, does not apply in the context of claims of unconstitutionality in on-going criminal cases. Wallace v. Kato, ___ U.S. ___, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

Plaintiff also claims that he was accosted and attacked without provocation. Complaint at 3. He also may be asserting an excessive force claim. The Beaufort Defendants do not appear to have addressed these claims. There is insufficient information presented to determine whether Plaintiff's excessive force claim is barred by Heck. In certain circumstances, a plaintiff may prevail on an excessive force or illegal seizure claim without implying the invalidity of the underlying conviction. See Hughes v. Lott, 350 F.3d 1157 (11th Cir. 2003); Riddick v. Lott, 202 Fed. Appx. 615 (4th Cir. 2006) (unpublished).

doctors in treating medical conditions and the evidence presented by the Southern Health Defendants shows that Plaintiff received medical care for his injuries and was not denied treatment.

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976).[4]  The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
> * * * * * * *
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment.  This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In

---

[4] Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment.  See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239 (1983).  However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need).  See Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988)(citing Estelle v. Gamble, 429 U.S. 97 (1976)).

> order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Plaintiff fails to show that Defendants were deliberately indifferent as to any of his serious medical needs. Defendant Bush states that he has reviewed Plaintiff's medical record and the medical care and treatment given was always was within the standard of care and met the needs of the Plaintiff, at no time did Dr. Bush or a member of his staff ever deliberately withhold medical care or treatment from Plaintiff, and Dr. Bush and his staff were not deliberately indifferent to Plaintiff's serious medical conditions. It appears that Plaintiff did not fill his prescription for Percocet, BCDC does not dispense narcotic medications unless the medicines are brought to the detention center with the detainee, and Plaintiff was given other medications for pain. See Bush Aff., Paras. 6-7; Ex. A. An appointment with a specialist was originally made for Plaintiff on June 25, 2007, but apparently cancelled over payment issues. A new appointment was scheduled on July 6, 2007, for Plaintiff to be seen by an orthopedist on July 11, 2007. An x-ray of Plaintiff's right hand, taken on November 2, 2007, revealed a healing fracture of Plaintiff's fourth metacarpal without significant displacement. Bush Aff., Ex. B.

Plaintiff appears to disagree with the type and amount of medical treatment he received. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). The provision of medical care by prison officials is not discretionary, but the type and amount of medical care is discretionary. See Brown v. Thompson, 868 F. Supp. 326 (S.D.Ga. 1994). A disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. See Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986). Although Plaintiff believes that he should

6

have received different medical treatment, he fails to show that Defendants' actions or inactions rose to the level of a constitutional violation.[5]

    2.    <u>Service of Process</u>

The Beaufort Defendants contend that the complaint must be dismissed against them pursuant to Federal Rule 12(b)(5) because Plaintiff failed to properly serve them. Plaintiff attempted to effect service by mailing the Summons and Complaint to the South Carolina Attorney General's Office. <u>See</u> Docs. 29-35. Defendants contend that such attempts do not conform with Federal Rule 4 or South Carolina Rule 4. They provide that Plaintiff must deliver a copy of the Summons and Complaint to the individually named Defendants personally or leave a copy at the individual's house or usual place of abode. Rule 4(d)(1), SCRCP. The Beaufort Defendants provide that in order for Plaintiff to properly serve a government subdivision, he must deliver a copy of the Summons and Complaint to the chief executive officer or clerk thereof. Rule 4(d)(5), SCRCP. Plaintiff has not responded to this issue or shown that process was properly made.

    3.    <u>Beaufort County Council</u>

Beaufort County Council contends that it should be dismissed because Plaintiff has not presented any allegations against it and Beaufort County Council has no authority over the Beaufort County Sheriff's Office or its deputies.

---

[5]Defendants Foot, Allen, and Kubic also argue that they are entitled to qualified immunity. Here, as to his medical claims, Plaintiff fails to show that these Defendants violated any of his clearly established constitutional or statutory rights. Thus, Defendants Foot, Allen, and Kubric are entitled to qualified immunity in their individual capacities as to Plaintiff's medical care claims. <u>See</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982).

Review of the complaint reveals that Plaintiff fails to state any claim against Beaufort County Council. Further, to the extent that Plaintiff is attempting to assert a claim for liability on the part of Beaufort County Council as to Defendant Tanner (the Sheriff of Beaufort County) or his deputies, he fails to show that they are answerable to the Beaufort County Council. Sheriffs and their deputies are state officials, not county agents. Cone v. Nettles, 417 S.E.2d 523, 524-525 (S.C. 1992). "[D]eputy sheriffs are answerable only to the sheriff and not the county government." Heath v. County of Aiken, 368 S.E.2d 904, 905 n. 3 (S.C. 1988). See also S.C. Const. Ann. Art. V, § 24 (2003)(Sheriffs are independently elected, constitutional officers); S.C. Code Ann. § 23-11-10 (Sheriffs are independently elected officials). "With the exception of organizational policies established by the governing body, the county administrator shall exercise no authority over any elected officials of the county whose offices were created either by the Constitution or by the general law of the State." S.C. Code Ann. § 4-9-650. See also S.C. Code Ann. § 4-9-660 ("Except for the purposes of inquiries and investigations, the council shall deal with county officers and employees who are subject to the direction and supervision of the county administrator solely through the administrator, and neither the council nor its members shall give orders or instructions to any such officers or employees."); Cf. Allen v. Fidelity & Deposit Co., 515 F. Supp. 1185, 1190 (D.S.C. 1981).

    4.    <u>Eleventh Amendment Immunity</u>

Defendants Tanner, Garcia, Hatfield, and Unnamed Deputy Sheriffs contend that they are entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding

damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. Id. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities.

In Gulledge v. Smart, 691 F. Supp. 947 (D.S.C. 1988), aff'd mem., 878 F.2d 379 (4th Cir. 1989)[Table], the court addressed whether South Carolina sheriffs were state or county officials. The court applied South Carolina common law principles of the master and servant relationship and concluded that sheriffs are state officials. Id. at 954-955. The Fourth Circuit concluded, in Cromer v. Brown, 88 F.3d 1315 (4th Cir. 1996), that the Greenville County sheriff, in his capacity as a state official, was immune from suit for monetary damages under § 1983. Id. at 1332. Further, in Gulledge, the district court concluded that deputy sheriffs are agents of the sheriff and therefore

9

under state, not county, control. Gulledge, supra; see also Heath v. Aiken County, 368 S.E.2d 904 (S.C. 1988). In Cone v. Nettles, 417 S.E.2d 523 (S.C. 1992), the South Carolina Supreme Court cited Gulledge with approval and specifically held that South Carolina sheriffs and their deputies are state officials for § 1983 purposes. Defendants Tanner, Garcia, Hatfield, and Unnamed Deputy Sheriffs were employed by the Beaufort County Sheriff's Department at the time of the alleged incidents. Thus, Defendants Tanner, Garcia, Hatfield, and Unnamed Deputy Sheriffs are entitled to Eleventh Amendment immunity from monetary damages in their official capacities.

## CONCLUSION

Based on review of the record, it is recommended that the motion for summary judgment of Defendants Bush, Deboe, and Southern Health Partners (Doc. 18) be granted and that the motion to dismiss of Defendants Allen, Beaufort County Council, Foot, Garcia, Hatfield, Kubic, Tanner, and Unnamed Deputy Sheriffs (Doc. 25) be granted.

Respectfully submitted,



Joseph R. McCrorey
United States Magistrate Judge

July 25, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).